UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIBERTY CITY CHURCH OF CHRIST, INC.; MARY DINISH; KAUISHA SMITH; LARRY RUCKS; and ROBERT BURKE, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>  v.<br><br>EPHREN TAYLOR; EPHREN TAYLOR, SR.; MESHELLE TAYLOR; CITY CAPITAL CORPORATION; ERX ENERGY, LLC; EQUITY TRUST COMPANY; ROBERT BATT; ALAN LIPINSKI; and DONALD M. MACINTYRE; and DOES 1–15,<br><br>    Defendants. | Case No. 5:12-CV-04392 EJD<br><br>**ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS**<br><br>**[Re: Docket Nos. 19, 28]** |

Presently before the Court are Defendants Equity Trust Company's ("Equity Trust") and Robert Batt's ("Batt") Motions to Dismiss the Complaint brought by Plaintiffs Liberty Church of Christ, Inc., Mary Dinish, Kauisha Smith, Larry Rucks, and Robert Burke (collectively "Plaintiffs"). The Court has found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and vacated the corresponding hearing date. The Court has determined that the motions shall be granted for the foregoing reasons.

**I.    Background**

Plaintiffs allege they are victims of a "Ponzi scheme" operated by Defendants Ephren Taylor, Ephren Taylor, Sr., and Meshelle Taylor through Defendants City Capital Corporation, and

1
Case No. 5:12-CV-04392 EJD
ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS

ERX Energy, LLC. Alan Lipinski and Donald MacIntyre have been named as defendants in their capacity as officers of City Capital and ERX Energy. In the Complaint, Plaintiffs allege that they were fraudulently induced into making investments through self-directed individual retirement accounts ("SDIRAs"). The Complaint states that Equity Trust administered the SDIRAs, and that Batt was an employee of Equity Trust involved in the marketing and solicitation of the SDIRAs.

Three of the named Plaintiffs—Dinish, Smith, and Rucks (collectively "the Equity Trust Plaintiffs")—are customers of Equity Trust and have executed Custodial Account Agreements for their SDIRAs. See Decl. of Jeffery F. Bartlett, Docket Item No. 20, ¶¶ 8–10. The other named Plaintiffs—Liberty Church of Christ and Burke—are not alleged to have been customers of Equity Trust.

According to both of the present Motions to Dismiss, each of the Custodial Account Agreements contains the following forum selection clause:

> Any suit filed against custodian arising out of or in connection with this Agreement shall only be instituted in the county courts of Lorain County, Ohio where custodian maintains its principal office and you agree to submit to such jurisdiction both in connection with any such suit you may file and in connection with any which we may file against you.

Bartlett Decl. Exs. A, B, and C § 8.15. The Agreements also contain a choice of Ohio law provision. Id. Equity and Batt also contend that each time Plaintiffs made investments through the SDIRAs they executed Direction of Investment forms containing similar forum selection clauses.

On August 21, 2012, Plaintiffs filed their Complaint alleging nineteen causes of action individually and on behalf of a class of similarly situated persons. See Docket Item No. 1. On October 18, 2012, Equity Trust filed its Motion to Dismiss for lack of personal jurisdiction (pursuant to Federal Rule of Civil Procedure 12(b)(2)) and improper venue (pursuant to Rule 12(b)(3)). See Docket Item No. 18. Equity Trust has since withdrawn is lack of personal jurisdiction argument. See Docket Item No. 24. On November 14, 2012, Batt filed his Motion to Dismiss for lack of personal jurisdiction and improper venue. See Docket Item No. 28.

2
Case No. 5:12-CV-04392 EJD
ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Even if venue would otherwise be proper under 28 U.S.C. § 1391, a defendant may move to dismiss under Rule 12(b)(3) on the basis of a forum selection clause. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. Id. Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). Where federal court jurisdiction is based on diversity, the Ninth Circuit has instructed district courts to apply federal law to interpret the forum selection clause. Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509 (9th Cir. 1988).

## III. Discussion

Defendants Equity Trust and Batt seek to enforce the forum selection clause contained in the Custodial Account Agreements. As an initial matter, the Court notes that any claims against Batt relating to activities that occurred within the scope of his employment with Equity Trust are subject to the forum selection clause. See Manetti-Farrow, 858 F.2d at 514 n.5 ("We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants."); Comerica Bank v. Whitehall Specialties, Inc., 352 F. Supp. 2d 1077, 1082 n.6 (C.D. Cal. 2004). As such, because Plaintiffs do not appear to bring suit against Batt in his individual capacity but rather as an

3
Case No. 5:12-CV-04392 EJD
ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS

employee of Equity Trust, the same analysis vis-à-vis the forum selection clause will apply to Equity Trust as well as Batt.

Forum selection clauses are presumptively valid and enforceable; the party seeking to avoid enforcement bears a "heavy burden" to establish grounds for unenforceability. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972); Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009). Courts in the Ninth Circuit set aside forum selection clauses only if:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Argueta, 87 F.3d at 325 (internal citations and quotation marks omitted).

Plaintiffs first argue that the forum selection clause should not be enforced because doing so would "substantially impair[] the substantive rights of class members because Ohio law imposes significant limits on class members' ability to recover damages." Pl.'s Opp'n to Def. Equity Trust's Mot. to Dismiss 12. However, in only pointing to the possibility that damages would be limited if this case were brought in an Ohio state court, Plaintiffs fail to sufficiently show that they would be entirely deprived of their right to pursue their claims if the forum selection clause were enforced. Argueta, 87 F.3d at 325. The Court also notes that Plaintiffs have not shown that Ohio state law would definitely apply if this action were brought in Ohio state court, or as may be the case, that Ohio law would not be applied in the present forum given the Custodial Account Agreement's choice of law provision.

Plaintiffs also argue that enforcement of the forum selection clause would contravene California public policy, which favors class actions. As an illustration of this assertion, Plaintiffs cite language from the California Supreme Court opinion in Vasquez v. Superior Court:

> Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions by each of the defrauded consumers is often impracticable because the amount of individual recovery would be insufficient to justify bringing a

4
Case No. 5:12-CV-04392 EJD
ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS

separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct. A class action by consumers produces several salutary by-products, including a therapeutic effect upon those sellers who indulge in fraudulent practices, aid to legitimate business enterprises by curtailing illegitimate competition, and avoidance to the judicial process of the burden of multiple litigation involving identical claims. The benefit to the parties and the courts would, in many circumstances, be substantial.

4 Cal. 3d 800, 808 (1971). However, this exact language is cited in numerous Ohio state court opinions in support of the notion that Ohio has a similar policy favoring class action. See, e.g., Cope v. Metro. Life Ins. Co., 82 Ohio St. 3d 426, 429 (1998); In re Consol. Mortg. Satisfaction Cases, 97 Ohio St. 3d 465, 470 (2002); Ford Motor Credit Co. v. Agrawal, 2011 WL 6317451, at *7 (Ohio App. 8th Dist. Dec. 15, 2011); Pyles v. Johnson, 143 Ohio App. 3d 720, 737 (4th Dist. 2001). As such, Plaintiffs have not met their burden of showing that bringing the action in Ohio would contravene California public policy so as to sufficiently counter Defendants' Motions to Dismiss.

### IV.   Conclusion and Order

For the aforementioned reasons, Plaintiffs have failed to meet their burden of showing that the forum selection clause should not be enforced. Accordingly, the Court grants the Equity Trust's and Batt's Motions to Dismiss for improper venue. The Court will not address the lack of personal jurisdiction argument in Batt's Motion. The claims asserted in the Complaint against Equity Trust and Batt are thus dismissed without prejudice for improper venue.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
EDWARD J. DAVILA
United States District Judge

5
Case No. 5:12-CV-04392 EJD
ORDER GRANTING DEFENDANTS EQUITY TRUST'S AND ROBERT BATT'S MOTIONS TO DISMISS